# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

**CONCORD DIVISION**

**CINDY L. YOUNG**
20 Central Street
Bristol, NH 03222
Plaintiff,

v. Case No. **25-cv-472**

**SPECIAL AGENT WESLEY GARLAND**,
in his individual capacity,
Federal Bureau of Investigation
Boston Division – Bedford Resident Agency
10 Commerce Drive
Bedford, NH 03110

**FEDERAL BUREAU OF INVESTIGATION**,
935 Pennsylvania Avenue NW
Washington, DC 20535

**UNITED STATES DEPARTMENT OF JUSTICE**,
950 Pennsylvania Avenue NW
Washington, DC 20530

Defendants.

# FIRST AMENDED COMPLAINT

## FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

Plaintiff Cindy L. Young ("Plaintiff"), appearing pro se, alleges as follows:

# INTRODUCTION

1. This civil action arises from the **warrantless, coercive, and unauthorized collection of Plaintiff's DNA** by FBI Special Agent Wesley Garland on June 23, 2023, during Plaintiff's voluntary self-surrender and intake for arraignment at the Concord, New Hampshire Federal Courthouse.
2. Plaintiff was processed by the **United States Marshals Service ("USMS")**, the agency responsible for courthouse intake. The USMS **did not collect DNA**, did not advise Plaintiff that DNA collection was required, and did not present any DNA-related forms or documentation.
3. Instead, **Special Agent Garland entered the intake room unrequested**, falsely stated, *"This is the last thing we are required to do,"* and personally conducted a cheek-swab DNA collection **without a warrant authorizing DNA collection, without statutory advisement, without consent, and without documentation**.
4. DNA collection constitutes a **significant bodily intrusion and Fourth Amendment search**. Congress has strictly regulated DNA collection by statute and regulation, including designating **authorized collecting agencies and mandatory procedures**.
5. Agent Garland's conduct fell **outside any lawful authority** and deprived Plaintiff of constitutional and statutory protections.
6. Plaintiff seeks **compensatory and punitive damages against Agent Garland**, and **declaratory and injunctive relief** against the FBI and Department of Justice, including destruction and expungement of her DNA and written confirmation of compliance.

# JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under **28 U.S.C. § 1331**.
8. This Court has authority to grant declaratory relief under **28 U.S.C. § 2201** and injunctive relief under **28 U.S.C. § 2202**.
9. Sovereign immunity is waived for Plaintiff's claims seeking non-monetary relief against federal agencies pursuant to **5 U.S.C. § 702**, as Defendants acted **in excess of statutory authority and contrary to law**.
10. Venue is proper in this District under **28 U.S.C. § 1391(b)(2)** because the events giving rise to this action occurred in Concord, New Hampshire.

# PARTIES

11. Plaintiff Cindy L. Young is a resident of Bristol, New Hampshire.
12. Defendant Wesley Garland is an FBI Special Agent assigned to the Boston Division, Bedford Resident Agency, sued **in his individual capacity**.
13. Defendant Federal Bureau of Investigation ("FBI") is a federal law-enforcement agency within the United States Department of Justice.

14. Defendant United States Department of Justice ("DOJ") is the federal department responsible for oversight and enforcement of federal DNA collection policies.

# FACTUAL ALLEGATIONS

15. On June 21, 2023, a magistrate judge issued an **arrest warrant** directing law-enforcement officers to arrest Plaintiff and bring her before a magistrate judge.
16. The arrest warrant **authorized arrest only**. It did **not authorize DNA collection**, did not reference the DNA Fingerprint Act, and did not authorize any bodily search beyond arrest.
17. Prior to June 23, 2023, Agent Garland told Plaintiff she *"would not want the scene of agents coming to arraign [her] at [her] home"* and instructed her to self-surrender. Plaintiff complied.
18. Plaintiff voluntarily self-surrendered early at the Concord Federal Courthouse and was processed by the USMS.
19. The USMS **did not collect DNA**, did not advise Plaintiff that DNA collection was mandatory, and did not present any DNA-related documentation.
20. During intake, Agent Garland entered the processing room **without request or authority** and stated that DNA collection was *"required."*
21. Based on Agent Garland's official status and the custodial setting, Plaintiff reasonably believed she had **no lawful option to decline**.
22. Agent Garland personally conducted a cheek-swab DNA collection **without consent, advisement, statutory authority, or documentation**.
23. Plaintiff received **no notice, receipt, or explanation** regarding where her DNA would be stored, whether it would be analyzed, or whether it would be entered into CODIS or any other database.
24. Plaintiff does not know whether her DNA has been **retained, analyzed, shared, or disseminated**.
25. Defendants have failed to provide notice, confirmation of destruction, or any mechanism for Plaintiff to challenge the retention or use of her DNA, creating an **ongoing injury**.

# CAUSES OF ACTION

### COUNT I

**Fourth Amendment – Unreasonable Search (Bivens)**
(Against Agent Garland)

26. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.
27. The forced extraction of Plaintiff's DNA constituted a **search** under the Fourth Amendment.

28. The search was **unreasonable** because it was conducted without a DNA-authorizing warrant, without statutory authority, by an unauthorized actor, and through coercion.
29. This claim arises from **extrajudicial conduct** not tied to any criminal evidentiary use and for which **no alternative remedial scheme** exists.
30. No reasonable federal agent could believe that a silent arrest warrant authorized personal DNA collection outside established statutory procedures.

## COUNT II

**Fifth Amendment – Informational Privacy and Due Process**
(Against Agent Garland)

31. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.
32. Plaintiff has a protected liberty interest in **bodily integrity and informational privacy** concerning her genetic information.
33. Agent Garland deprived Plaintiff of that interest **without notice, consent, or procedural safeguards**, and without any mechanism to challenge retention or dissemination.
34. The injury is **ongoing**.

## COUNT III

**Agency Action in Excess of Statutory Authority**
(APA – 5 U.S.C. § 702)
(Against DOJ and FBI)

35. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.
36. The DNA Fingerprint Act, **34 U.S.C. § 40702**, strictly limits who may collect DNA and under what circumstances.
37. Defendants' actions exceeded statutory authority and were **not in accordance with law**.
38. Plaintiff seeks **declaratory and injunctive relief only** under this count.

## COUNT IV

**Violation of Implementing Regulations**
(APA – 5 U.S.C. § 702; 28 C.F.R. § 28.12)
(Against DOJ and FBI)

39. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.
40. Defendants failed to comply with mandatory regulatory procedures governing DNA collection, notice, documentation, and retention.

## COUNT V

**Intrusion Upon Seclusion**
(New Hampshire Common Law)
(Against Agent Garland)

41. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.
42. Agent Garland intentionally intruded upon Plaintiff's bodily integrity in a manner that would be **highly offensive to a reasonable person** and outside lawful authority.

## COUNT VI

**Declaratory Relief**
(28 U.S.C. § 2201)
(Against All Defendants)

43. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.
44. An actual controversy exists regarding the legality of Defendants' actions.

## COUNT VII

**Injunctive Relief**
(Against DOJ and FBI)

45. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.
46. Plaintiff seeks an injunction ordering Defendants to:
    a. Destroy the physical DNA sample;
    b. Expunge any DNA profile from CODIS or related databases;
    c. Destroy all derivative records and communications; and
    d. Provide **written certification of compliance**.

# PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court award:

A. **Compensatory damages** against Defendant Garland in an amount to be determined by the jury;

B. **Punitive damages** against Defendant Garland sufficient to deter similar misconduct;
C. Declaratory judgment that Defendants' actions were unlawful;
D. Injunctive relief as set forth above against DOJ and FBI;
E. Costs and litigation expenses; and
F. Such other relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**/s/ Cindy L. Young**
Cindy L. Young
20 Central Street
Bristol, NH 03222
clyoung@breezeline.net
**Pro Se Plaintiff**