**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


CINDY L. YOUNG


      v.                                 Civil No. 25-cv-00472-LM-TSM


WESLEY GARLAND, ET AL.


**<u>ORDER</u>**

Self-represented Plaintiff, Cindy L. Young, sued the Federal Bureau of Investigation, FBI Special Agent Wesley Garland, in his individual capacity, and the United States Department of Justice, seeking damages, declaratory relief, and injunctive relief stemming from the alleged "unauthorized, warrantless, coercive collection of Plaintiff's DNA." Doc. No. 1. Before the court is Plaintiff's motion to clarify, wherein she seeks an order "requiring Defendants to submit a sworn declaration from a knowledgeable custodian of records addressing whether Plaintiff's DNA was collected, whether it currently exists in any form, and, if destroyed, when, how, and pursuant to what authority." Doc. No. 15 at pg. 1.

Although Plaintiff's motion seeks potentially discoverable information, at this early stage of litigation, she is not entitled to discovery without a court order. See Fed. R. Civ. P. 26(d)(1) (prohibiting a party from seeking discovery before the parties have conferred as required by Rule 26(f), absent an applicable exception, stipulation, or court order). However, "[b]efore the court may issue such an order, [Plaintiff] must show good cause." Wilcox Indus. Corp. v. Hansen, 279 F.R.D. 64, 67 (D.N.H. 2012); see also Strike 3 Holdings, Inc. v. Doe, 677 F. Supp. 3d 1, 4 (D. Mass. 2023).

1

Here, Plaintiff has not demonstrated good cause to justify early discovery. Although Plaintiff argues that "[c]ourts routinely order such declarations to resolve threshold jurisdictional issues prior to discovery," Doc. No. 15 at pg. 1, she provides no legal support for her assertion. Moreover, she does not adequately explain why such a declaration is necessary in this case where the parties have not challenged this court's jurisdiction. Plaintiff also provides no persuasive explanation as to why the court should permit her to circumvent traditional methods of discovery. See Fed. R. Civ. P. 26(d)(1); see also Fed. R. Civ. P. 33(b)(3) (requiring that each interrogatory be answered "separately and fully in writing under oath"). Because Plaintiff has not demonstrated good cause to warrant early discovery, her motion is denied.

## CONCLUSION

Accordingly, for the reasons stated herein, Plaintiff's motion to clarify (Doc. No. 15) is denied. Plaintiff may seek the requested information, if appropriate, through discovery.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 3, 2026

cc:    Cindy L. Young, pro se
       Counsel of record

2