**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

CINDY L. YOUNG

      v.                                                      Civil No. 25-cv-00472-LM-TSM

WESLEY GARLAND, ET AL.

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE**

Self-represented Plaintiff, Cindy L. Young, sued the Federal Bureau of Investigation, FBI Special Agent Wesley Garland, in his individual capacity, and the United States Department of Justice, seeking damages, declaratory relief, and injunctive relief stemming from the alleged "unauthorized, warrantless, coercive collection of Plaintiff's DNA." Doc. No. 1. Before the court is Plaintiff's ex-parte emergency motion for preservation of evidence. Doc. No. 2. As explained below, Plaintiff has not demonstrated that she will suffer irreparable harm in the absence of injunctive relief. Accordingly, for the reasons that follow, the district judge should deny Plaintiff's motion (Doc. No. 2).

**BACKGROUND**

On June 21, 2023, Magistrate Judge G. Michael Harvey issued an arrest warrant[1] for Ms. Young related to her participation in the events that occurred at the United States Capitol Building

---

[1] Ms. Young was charged by Complaint of the following offenses: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

on January 6, 2021.[2]  United States v. Young, 23-cr-00241-TSC-GMH-1 (D.D.C. June 21, 2023), ECF Nos. 1, 5.  On June 23, 2023, Young "voluntarily self-surrendered" to the District of New Hampshire Courthouse "in accordance with instructions communicated to [her] by FBI Special Agent Wesley Garland."  Doc. No. 1-1 at ¶ 1.

At the courthouse, U.S. Marshals processed Plaintiff, but "did not perform any DNA collection, did not advise [Plaintiff] that DNA would be collected, and did not present any forms or paperwork related to DNA."  Id. at ¶ 3.  Plaintiff alleges that while she was being processed, "Garland entered the room," and stated, "words to the effect of: 'This is the last thing we are required to do.'"  Id. at ¶¶ 4-5.  Then, he conducted a "cheek-swab DNA collection on [her]."  Id. at ¶ 6.  Plaintiff alleges that she "was not provided any advisement, consent form, statutory basis, explanation of rights, or opportunity to decline the procedure."  Id. at ¶ 7.

On November 20, 2025, Young filed this lawsuit against Defendants, alleging Defendants violated state and federal law, as well as her constitutional rights under the Fourth and Fifth Amendments.  Doc. No. 1.   On February 7, 2026, Young filed an amended complaint as a matter of course.  Doc. No. 14; see Fed. R. Civil P. 15(a)(1).  As relief, Young seeks, *inter alia*, compensatory and punitive damages, the destruction of the DNA sample, and the removal of any DNA profile from CODIS.[3]  Id.

---

[2] Courts may take judicial notice of the docket in other judicial proceedings, to the extent that such information is relevant, because they are matters of public record whose accuracy no one can reasonably question.  See Fed. R. Evid. 201(b)(2); see also Airframe Sys., Inc. v. Raytheon Co., 520 F. Supp. 2d 258, 262 (D. Mass. 2007); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990).

[3] "[T]he the FBI's Combined DNA Index System [is] a centralized system that includes offender profiles obtained through federal, state and territorial DNA collection programs, as well as forensic profiles drawn from crime scene evidence."  Boroian v. Mueller, 616 F.3d 60, 63 (1st Cir. 2010) (citing 42 U.S.C. § 14132(a)).

**LEGAL STANDARD**

Young seeks an ex-parte injunction directing Defendants to preserve and not alter certain evidence.[4]  Doc. No. 2; see Glawson v. Berthiaume, No. CV 07-11447-RGS, 2007 WL 10156249, at *4 (D. Mass. Aug. 17, 2007). Therefore, as the moving party, Young has the burden to demonstrate: "(1) the . . . likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiff[ ] and (4) the effect, if any, on the public interest." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (quoting Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007)).  "The first two factors are the most important and, in most cases, 'irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief.'" Gonzalez-Droz v. Gonzalez-Colon, 573 F.3d 75, 79 (quoting Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004)).

"A party seeking an ex parte temporary restraining order must also allege, in an affidavit or verified complaint, that her injury or loss is 'immediate and irreparable' and will occur before the adverse party or that party's attorney can be heard in opposition to the motion." Erickson v. Balboni, No. CV 09-10026-WGY, 2009 WL 10872984, at *2 (D. Mass. Jan. 13, 2009) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993)). Additionally, the party "must certify to the court in writing the efforts, if any, which have been

---

[4] Courts often construe motions to preserve evidence as requests for injunctive relief under Rule 65.  See Glawson, 2007 WL 10156249, at *4 (D. Mass. Aug. 17, 2007) (treating motion to preserve evidence as request for injunctive relief).  Courts also consider factors such as the risk that evidence will be lost absent an order, the likelihood of irreparable harm, and the burden imposed by preservation. See Boudreau v. Petit, No. CV 17-301WES, 2024 WL 3391178, at *2 (D.R.I. July 3, 2024) (citation omitted).

made to give the notice and the reasons supporting the claim that notice should not be required."
Id. at *2.

## DISCUSSION

Before the court is Young's ex-parte emergency motion for preservation of evidence. Doc. No. 2. The motion requests that this court issue an order requiring Defendants to "preserve, without alteration" certain evidence Young considers to be relevant to her claims, including the video recording of her swab and records of her DNA, while this case is pending. Id. at pgs. 2-3. Although she filed a verified complaint, she failed to include a certification regarding what efforts, if any, she took to give notice to Defendants, nor does she include any explanation as to why notice should not be required. See Erickson, 2009 WL 10872984, at *2. These omissions are fatal to her motion. However, procedural errors aside, Young has not satisfied her burden of demonstrating that there is a substantial threat that she will suffer irreparable harm if the requested injunctive relief is not granted. Therefore, the district judge should deny her motion to preserve.

As an initial matter, Young does not allege any facts indicating that the evidence she seeks to preserve is imminently at risk of destruction. See Boudreau, 2024 WL 3391178, at *2 (noting the court must determine whether the "continuing existence and maintenance of the evidence will be in question in the absence of an order directing preservation of the evidence."). Instead, she conclusively states, without any support, "[t]here is a substantial risk of evidence being altered, purged, overwritten, or destroyed during the pendency of this action, whether intentionally or pursuant to internal policies." Doc. No. 2 at pg. 2. But, a movant may not obtain a preservation order when offering only speculative concerns that evidence may be lost or altered. See Charlesbank, 370 F.3d at 162. In the absence of any facts indicating that the evidence Plaintiff

4

seeks to protect is imminently at risk, she cannot establish that she will suffer irreparable harm absent a preservation order.

The risk of destruction of evidence and irreparable harm is diminished here because litigants have "a duty to preserve what [they] know[], or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.'" Natal-Lugo v. City of Fall River, No. CV 20-11979-GAO, 2025 WL 3034918, at *3 (D. Mass. Oct. 30, 2025) (citations omitted). "The duty to preserve arises when 'litigation is reasonably anticipated.'" Gordon v. DreamWorks Animation SKG, Inc., 935 F. Supp. 2d 306, 314 (D. Mass. 2013) (citation omitted). Here, Plaintiff alerted Defendants of their duty to preserve upon serving the lawsuit. See Doc. No. 8. Plaintiff has not sufficiently explained why she will suffer irreparable harm considering Defendants' preservation obligations.

Further, "a finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank, 370 F.3d at 162. Here, Plaintiff states there is a "substantial risk" of evidence being destroyed, Doc. No. 2 at pg. 2, but she failed to "demonstrate with any specificity how such harms might occur." Sterman, 513 F. Supp. 3d at 257. Moreover, although Plaintiff seeks an order to preserve the DNA samples at issue in this case, in her lawsuit, she requests that the court order the "DOJ/FBI to . . . [d]estroy the physical DNA sample . . . [e]xpunge/remove any DNA profile from CODIS," and "[d]estroy all derivative records and communications". Doc. No. 14 at ¶¶ 45-46. Plaintiff's motion (Doc. No. 2) does not address how the failure to preserve material that she ultimately wants Defendants to destroy would irreparably harm her. Accordingly, because Plaintiff

failed to point to any irreparable harm that she would suffer in the absence of immediate injunctive relief, the district judge should deny her motion.[5]

## CONCLUSION

For the foregoing reasons, Plaintiff failed to demonstrate that a preservation order is justified at this stage of the case. Accordingly, the court recommends that the district judge deny Plaintiff's motion (Doc. No. 2) without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 3, 2026

cc:    Cindy L. Young, pro se
       Counsel of record

---

[5] Because the court finds that Plaintiff failed to establish irreparable harm, it declines to address the other factors courts consider when determining whether to issue a preliminary injunction.

6