UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

CINDY L. YOUNG

    v.                                      Civil No. 25-cv-00472-LM-TSM

WESLEY GARLAND, ET AL.

### REPORT AND RECOMMENDATION ON
### PLAINTIFF'S MOTION TO AMEND

On November 20, 2025, self-represented Plaintiff, Cindy L. Young, brought suit against the Federal Bureau of Investigation, FBI Special Agent Wesley Garland, in his individual capacity, and the United States Department of Justice. Doc. No. 1. In her suit, she claims Defendants violated her constitutional rights and various federal statutes when Agent Garland collected a sample of her DNA when she "voluntarily self-surrendered" at the District of New Hampshire Courthouse on June 23, 2023. Doc. No. 1-1 at ¶ 1. Plaintiff seeks, among other things, compensatory damages and an injunction ordering Defendants to destroy her DNA sample, along with any related records, and expunge her DNA profile from CODIS.[1] Doc. No. 1 at pgs. 5-6.

On January 29, 2026, Plaintiff filed a Request for Entry of Default as to Defendant Wesley Garland, wherein she requests that the court enter default against Agent Garland on account of his failure to timely respond to the Complaint. Doc. No. 11. Defendants objected, noting that Plaintiff's motion was premature because the time for Defendants' response had not expired. Doc. No. 13.

---

[1] "[T]he the FBI's Combined DNA Index System [is] a centralized system that includes offender profiles obtained through federal, state and territorial DNA collection programs, as well as forensic profiles drawn from crime scene evidence." Boroian v. Mueller, 616 F.3d 60, 63 (1st Cir. 2010) (citing 42 U.S.C. § 14132(a)).

On February 7, 2026, shortly after filing her motion for default, Plaintiff filed an amended complaint as of right. Doc. No. 14; Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]"). A few weeks later, on February 20, 2026, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. Doc. No. 18; Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Plaintiff asserts that the proposed amended complaint "clarifies and refines" her constitutional claims and "narrows certain allegations," and "restructures the legal theories for clarity," among other things. Doc. No. 18 at pg. 1-2. Defendants did not file an objection to Plaintiff's motion.[2]

Plaintiff's unopposed motion for leave to file a second amended complaint (Doc. No. 18) and her motion for entry of default against Agent Garland (Doc. No. 11) are both before this court for a Report and Recommendation. For the reasons that follow, the court recommends the district judge grant Plaintiff's motion for leave to file a second amended complaint and deny Plaintiff's request for entry of default judgment.

**DISCUSSION**

I.      **Motion to Amend**

When a party has already amended its pleading, that party may only further amend the pleading "with the opposing party's written consent or the court's leave." Katz v. Liberty Power Corp., LLC, 693 F. Supp. 3d 154, 158 (D. Mass. 2023). Federal Rule of Civil Procedure 15(a)(2) provides in relevant part: "The court should freely give leave when justice so requires." Fed. R.

---

[2] Plaintiff submitted a Notice of Non-Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, wherein she states that "prior to filing the motion, counsel for Defendants indicated that the filing of a second amended complaint would streamline the issues and avoid unnecessary motion practice." Doc. No. 19.

Civ. P. 15(a)(2).  However, leave may be denied for reasons including undue delay, bad faith, prejudice, or futility.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, Plaintiff does not have Defendants' written consent.  Therefore, allowing Plaintiff leave to file the second amended complaint lies within the court's sole discretion.  Upon review of Plaintiff's proposed second amended complaint and given the early stages of the litigation, in addition to the lack of opposition from Defendants, the court finds no undue delay, bad faith, futility, or prejudice to the non-moving parties.  Accordingly, the court recommends that the district judge grant Plaintiff's motion and permit her to file her second amended complaint.

## II.      Motion for Entry of Default against Agent Garland

Plaintiff moves for the entry of default against Agent Garland pursuant to Rule 55(a) on the grounds that Agent Garland failed to timely respond to the Complaint.  See Doc. Nos. 10-11. Defendants object and argue that Plaintiff's motion is premature because their deadline to respond to the Complaint was February 6, 2026, and Defendants filed a motion to dismiss on that date. Doc. No. 13.  The court agrees that the motion is premature and that entry of default against Agent Garland is not warranted.

Federal Rule of Civil Procedure 4(i) provides that plaintiffs serving the United States must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought," and also "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)-(2).  Further, as relevant here, to serve a federal officer or employee in their individual capacity, "a party must serve the United States and also serve the officer or employee under Rule 4(e). . . ."  Fed. R. Civ. P. 4(i)(3); see Fed. R. Civ. P. 4(e).  Once properly served, these government parties must respond

3

to the complaint "within 60 days after service on the officer or employee or service on the United States attorney, whichever is later." Fed. R. Civ. P. 12(a)(3).

Defendants contend that Plaintiff improperly served the original Complaint (Doc. No. 1) on the New Hampshire Attorney General instead of the United States Attorney's Office, resulting in the latter not being properly served with the summons and Complaint until December 8, 2025. Doc. No. 13 at pgs. 2-3. Therefore, Defendants contend that their response was timely. See id. The court agrees.

Pursuant to her "Proof of Service," Plaintiff served Agent Wesley in person on December 3, 2025. Doc. No. 5 at pgs. 1-3. Plaintiff mailed process to the U.S. Attorney's Office on December 1, 2025, but the mailing went to the New Hampshire Attorney General's Office. Doc. No. 7 at pg. 1. The U.S. Attorney's office did not receive process until December 8, 2025, after the NH AG's Office forwarded the material by mail. Doc. No. 13 at pgs 1-2; Doc. No. 13-1. Because Rule 4(i) requires that Plaintiff serve both Agent Wesley and the United States to effectuate proper service on Agent Wesley, the earliest that service was effectuated on Agent Wesley was December 8, 2025, making his response deadline February 6, 2026. See Fed. R. Civ. P. 4(i)(3); Fed. R. Civ. P. 12(a)(3). Defendants filed a motion to dismiss on that date. Therefore, Plaintiff's request for entry of default is premature, and entry of default is not warranted. See Wells Fargo Bank v. Moskoff, No. 17-CV-136-JL, 2017 WL 11511601, at *2 (D.N.H. Nov. 14, 2017) ("'[I]f [a] defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default'"). The court recommends that the district judge deny Plaintiff's motion for entry of default judgment (Doc. No. 11) against Defendant Agent Garland.[3]

---

[3] Plaintiff's request for default as to Agent Garland fails for the additional independent reason that Plaintiff amended her Complaint, and an amended complaint supersedes the original pleading and renders it without legal effect. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 94 (1st Cir. 2008).

## CONCLUSION

Accordingly, for the foregoing reasons, the court recommends that:

1. The district judge grant Plaintiff's motion for leave to file a second amended complaint (Doc. No. 18).  If the district judge adopts this recommendation, Plaintiff shall file her proposed second amended complaint (Doc. No. 18-1) on the docket, and Defendants shall file a responsive pleading or a motion under Rule 12 of the Federal Rules of Civil Procedure within fourteen (14) days after Plaintiff files the second amended complaint; and

2. The district judge deny Plaintiff's request for entry of default against Agent Garland (Doc. No. 11).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal."  Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 16, 2026

cc:    Cindy L. Young pro se
       Counsel of Record

---

Because Plaintiff amended her Complaint and sought leave to file a second amended complaint, any request for default based on a prior, superseded pleading would be moot. See Fed. R. Civ. P. 15(a)(3); see also U.S. S.E.C. v. Boey, No. 07-CV-39-SM, 2013 WL 1775444, at *1 (D.N.H. Apr. 25, 2013).

5